**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4949**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MICHAEL MORTON,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Margaret B. Seymour, District Judge. (1:08-cr-00729-MBS-11)

_____

Submitted:  April 4, 2011        Decided:  April 7, 2011

_____

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Leslie Locklair, LOCKLAIR LEGAL SERVICES, LLC, Daniel Island, South Carolina, for Appellant.  Stanley Duane Ragsdale, John David Rowell, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Morton appeals the 262-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute and to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2006). Counsel for Morton filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), stating that she has found no meritorious grounds for appeal, but questioning the reasonableness of Morton's sentence. Morton received notice of his right to file a pro se supplemental brief, but did not file one. Because we find no meritorious grounds for appeal, we affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. If there are no significant procedural errors, we then consider the substantive reasonableness of the sentence, taking into account

2

the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (emphasis omitted). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "'state in open court'" the particular reasons that support its chosen sentence. Id. (quoting 18 U.S.C.A. § 3553(c) (West 2000 & Supp. 2010)). The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations omitted).

We conclude that the sentence imposed by the district court was both procedurally and substantively reasonable. The district court correctly calculated the Guidelines range and understood that it was advisory. Furthermore, it is apparent that the court considered the arguments of the parties and had a reasoned basis for its decision. The court made an individualized statement explaining the sentence imposed. We

presume that the sentence, at the bottom of the Guidelines range, is reasonable; Morton has not rebutted that presumption. Thus, we affirm the sentence imposed as reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Morton, in writing, of the right to petition the Supreme Court of the United States for further review. If Morton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Morton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4